UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON BREEDEN, | ) | CASE NO. 3:06CV3056 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| MAGGIE BEIGHTLER, Warden, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Respondent. | ) | |
| | ) | |

Pursuant to 28 U.S.C. § 2254, Petitioner Brandon Breeden, a prisoner in custody at the Marion Correctional Institution, seeks review of his Cuyahoga County, Ohio Court of Common Pleas conviction for felonious assault.  ECF Dkt. #1.  On February 21, 2007, the case was referred to the undersigned for a report and recommendation.  ECF Dkt. #5.  For the following reasons, the undersigned recommends that the Court DISMISS the instant petition with prejudice:

I.      **PROCEDURAL HISTORY**

As a preliminary matter, the undersigned notes that Respondent addresses two state court cases against Petitioner, Cuyahoga County Court of Common Pleas Case No. CR-454294 and Case No. Cr.-455793.  ECF Dkt. #7 at 2-5.  Petitioner, however, only lists his felonious assault conviction in CR-455793 as the conviction challenged in the instant petition.  ECF Dkt. #1.  Therefore, the undersigned will limit the analysis of the instant petition to  Cuyahoga County Court of Common Pleas Case No. Cr.-455793.

A.      **State Trial Court**

On August 14, 2004, the Grand Jury for Cuyahoga County returned an indictment charging Petitioner with: (Count 1) attempted murder, in violation of Ohio Revised Code ("O.R.C.") §§ 2923.02, 2903.02; (Count 2) felonious assault, in violation of O.R.C. § 2903.11; and (Count 3) rape,

in violation of O.R.C. § 2907.02.[1]  ECF Dkt. #7, Ex. B.

On January 7, 2005, Petitioner appeared with counsel and entered a plea of guilty to the felonious assault charge in Count 2 of the indictment.  ECF Dkt. #7, Ex. E.  Counts 1 and 3 were *nolle prosequied* pursuant to a plea agreement.  *Id*.

On February 18, 2005, Petitioner filed a motion to vacate his plea of guilty.  ECF Dkt. #7, Ex. F.  Petitioner contended that he did not enter the plea knowingly, voluntarily, or intelligently because he had not been properly represented by counsel.  *Id*.  On February 28, 2005, the trial court conducted a hearing on the matter and denied Petitioner's motion.  ECF Dkt. #7, Ex. G.

The same day, the trial court sentenced Petitioner to 8 years of imprisonment.  ECF Dkt. #7, Ex. I.

**B.     Direct Appeal**

On March 14, 2005, Petitioner, through counsel, filed a notice of appeal to the Ohio Court of Appeals for the Eighth District.  ECF Dkt. #7, Ex. J.  On June 3, 2005, Petitioner filed an appellate brief setting forth the following assignments of error:

> I.     THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO PROVIDE THE APPELLANT BREEDEN WITH A COMPLETE AND IMPARTIAL HEARING ON HIS PRESENTENCE MOTION TO WITHDRAW HIS PLEA IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW, EFFECTIVE ASSISTANCE OF COUNSEL AND TRIAL BY JURY.
>
> II.    THE TRIAL COURT ERRED IN SENTENCING APPELLANT BREEDEN TO [sic] MAXIMUM TERM OF INCARCERATION FOR THE OFFENSE OF FELONIOUS ASSAULT IN VIOLATION OF R.C. 2929.14 AND R.C. 2958.08.
>
> III.   TRIAL COUNSEL'S PERFORMANCE IN THE TRIAL COURT PROCEEDINGS OBJECTIVELY WAS SO UNREASONABLE AS TO DENY APPELLANT BREEDEN HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE.

ECF Dkt. #7, Ex. K at iv.

---

[1] The indictment also contains repeat violent offender specifications pursuant to O.R.C. § 2929.01 and notices of prior conviction pursuant to O.R.C. § 2929.13, but those findings only applied to a co-defendant, Khalid Arafat.  ECF Dkt. #7, Ex. B.  Further, the indictment contained a fourth count that did not involve Petitioner.  *Id*.

-2-

On January 12, 2006, the Ohio Court of Appeals denied the appeal and affirmed Petitioner's conviction.  ECF Dkt. #7, Ex. M.

### C.  Supreme Court of Ohio

On February 21, 2006, Petitioner, *pro se*, filed a notice of appeal to the Supreme Court of Ohio.  ECF Dkt. #7, Ex. N.  Petitioner filed a memorandum in support of jurisdiction setting forth the following propositions of law:

I.  THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO PROVIDE APPELLANT WITH A COMPLETE AND IMPARTIAL HEARING ON HIS PRESENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS, TRIAL BY JURY AND EFFECTIVE COUNSEL.

II.  THE TRIAL COURT COMMITTED PLAIN ERROR BY ABUSING ITS DISCRETION WHEN IT SENTENCED APPELLANT TO A MAXIMUM PRISON TERM FOR A FELONY TWO WHEN HE HAD NOT PREVIOUSLY SERVED A PRISON TERM DESPITE HIS LACK OF CULPABILITY IN THE PREDICATE OFFENSE IN VIOLATION OF R.C. §2929.14 AND 2953.08.

III.  DEFENSE COUNSEL'S PERFORMANCE DURING TRIAL COURT PROCEEDINGS WERE [sic] SO OBJECTIVELY UNREASONABLE AS TO DENY APPELLANT HIS RIGHT TO SIXTH AMENDMENT RIGHT [sic] TO EFFECTIVE ASSISTANCE CREATED PLAIN ERROR PREJUDICIAL TO THE APPELLANT.

ECF Dkt. #7, Ex. O at i.

On May 10, 2006, the Supreme Court of Ohio denied leave for the appeal and dismissed the case.  ECF Dkt. #7, Ex. P.

### D.  Federal Petition for Writ of Habeas Corpus

On December 10, 2006, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1; *Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities).  Petitioner raised the following grounds for relief:

**Ground One:**            ineffective consel [sic]

**Supporting Facts:**      Counsel failed to object to my co-defendants [sic] attorney speaking on my behalf, failed to object to the maxium [sic] prison term for a first time offender, and failed to object when the court in and of itself wieghed [sic] facts with the purpose of enhancing the penalty violating my amendment rights to

|                     | effective counsel. Also, failed to appeal my pre-sentence withdrawl [sic] of guilty plea motion. |
|---------------------|--------------------------------------------------------------------------------------------------|
| **Ground Two:**     | Maximum prison term. In violation of R.C. 2929.14 and 2953.08; 6th and 14th Amendment to U.S. Const. |
| **Supporting Facts:** | Under Ohio law, at the time of my sentence it was presumed that a first time offender such as myself was supposed to get the minmum [sic] unless decided otherwise by a jury. They again violated my amendment rights to have a jury wiegh [sic] any and all facts that were used to enhance my sentence beyond the minimum term. Any fact used to enhance a sentence must be proven beyond a reasonable doubt by a jury, not by a judge himself based upon his take of what he thinks happened. |
| **Ground Three:**   | Appellant was denied a motion to withdraw plea. |
| **Supporting Facts:** | My plea was mistakenly made, not understanding that I was pleading to a 2-8 upon which the Judge could give me what he saw fit. My understanding was I was not to get no more than six years. I entered to withdraw my plea before sentencing. After my attorney explained that the Judge could do as he wished. A contract is supposed to be made knowingly, intelligently and voluntarily. Not so here. |
| **Ground Four:**    | The Supreme Court was bias and prejudiced me in denying my appeal. |
| **Supporting Facts:** | I feel the Supreme Court of Ohio was bias and prejudiced against me in denying my appeal when they accepted my co-defendants under the same grounds that were on my appeal. How can one be denied and the other accepted when they are the same thing. [sic] It took two years off my co-defendants [sic] time. All I want is to have my case heard as he did and you'd see how I was wronged. |

ECF Dkt. #1 at 5-6. On April 23, 2007, Respondent filed a return of writ. ECF Dkt. #7. On May 17, 2007, Petitioner filed a traverse. ECF Dkt. #9.

## II.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

The Supreme Court has held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise

-4-

a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not an issue in this case. *See* ECF Dkt. #1, 7 at 6. Since the AEDPA statute of limitations is not an issue in this case, and since the undersigned concludes that all grounds in the instant petition lack merit, the undersigned will not further address the applicable procedural barriers. *See Granberry*, 481 U.S. at 135; *Prather*, 822 F.2d at 1421-22.

## III.    STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 10, 2006, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> > (1)    resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

-5-

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the

language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Furthermore, the Supreme Court declared that "a

federal habeas court making the 'unreasonable application' inquiry should ask whether the state

court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating

on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue

the writ simply because that court concludes in its independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly.  Rather, that application

must also be unreasonable." *Id.*; *see also Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA

limitations:

A.    Decisions of lower federal courts may not be considered.

B.    Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.    The state court decision may be overturned only if:

    1.    It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

    2.    the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

    3.    'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

4.     the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.     Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.     Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey*, 271 F.3d at 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993) overruled in part on other grounds by *Thompson v. Keohane*, 516 U.S. 99, 111 (1995). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th

-7-

Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## IV.  ANALYSIS

The undersigned recommends that the Court dismiss the instant petition due to a lack of merit for the following reasons:

### A.  Ground One lacks merit.

In Ground One, Petitioner asserts ineffective assistance of counsel for: (1) failing to object to his co-defendant's attorney speaking on his behalf; (2) failing to object to a maximum prison term for a first time offender; (3) failing to object when the court in and of itself weighed facts with the purpose of enhancing the sentence imposed; and (4) failing to appeal the trial court's denial of his motion to withdraw his guilty plea.  ECF Dkt. #1 at 5.

In *Strickland v. Washington*, the U.S. Supreme Court held that, in order to establish ineffective assistance of trial counsel, a defendant must show deficient performance by counsel and that the deficiency prejudiced his defense.  466 U.S. 668, 687 (1984).  In order to establish deficient performance, a defendant must demonstrate that counsel's representation "fell below an objective standard of reasonableness."  *Id*. at 688.  In order to establish prejudice, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.* at 687.  It is insufficient for a defendant to show merely that the errors had some conceivable effect on the outcome of the proceeding as every action or inaction of counsel could have such an impact.  *Id.* at 693.  He must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*. at 694-695.  While a petitioner bears the burden of establishing both deficient performance and prejudice, the court need not conduct an analysis under both prongs and may dispose of a claim based on a failure to carry either burden.  *Id*. at 697; *Baze v. Parker*, 371 F.3d 310, 321 (6th Cir. 2004).

(1)    **Trial counsel's failure to object when a co-defendant's attorney spoke on Petitioner's behalf.**

The trial court conducted a hearing on Petitioner's motion to withdraw his guilty plea contemporaneously with co-defendant Nicholas Phipps' hearing on the same issue. ECF Dkt. #8 at 20-36. The court then proceeded to sentence each defendant. ECF Dkt. #8 at 36-53.

Petitioner's allegations that he was denied the right to effective assistance of counsel are meritless both with regard to the motion to withdraw his guilty plea and with regard to sentencing.

During the hearing to withdraw his guilty plea, Phipps' attorney first argued that the judge should grant the motion to withdraw the guilty plea. ECF Dkt. #8 at 21-23. He explained the pertinent case law to the court. *Id*. He then argued that the cases indicated that the motion to vacate the guilty plea should be granted in this case. *Id*. Petitioner's counsel then put forth an articulate argument, separate from that of Phipps' attorney. *See* ECF Dkt. #8 at 23-24. Petitioner's attorney stated that he did not wish to be redundant with the points that the co-defendant's attorney had made earlier. *Id*. at 23. Petitioner's attorney went on to argue that the state would not be unduly burdened if it were required to take petitioner's case to trial because the state had already tried one of his co-defendants on very similar facts. *Id*. at 24. Petitioner's attorney further explained that Petitioner was subjected to a "significant amount of pressure" to enter a plea of guilty. *Id*.

The undersigned finds that Petitioner's trial counsel's performance did not fall below an objective standard of reasonableness. Since Phipps' lawyer explained the pertinent case law, including the case Petitioner cited in his motion to vacate the guilty plea (ECF Dkt. #7, Ex. F), the undersigned sees no error in trial counsel's choice not to repeat an explanation of the same case. To do so would have been a waste of time. Accordingly, the undersigned recommends that the Court find that Petitioner's trial counsel did not fall below an objective standard of reasonableness.

Even assuming Petitioner's trial counsel fell below an objective standard of reasonableness with regard to the motion to vacate the guilty plea, Petitioner has made no showing of prejudice. The undersigned sees no reason to believe that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Petitioner's attorney submitted a brief on the issue, the trial

-9-

judge was apprised of the pertinent law, and Petitioner's attorney made a thorough oral argument addressing the concerns of his particular client.  Petitioner has presented no evidence that would indicate that a different result would have occurred absent counsel's error.

Turning attention to the sentencing hearing, the undersigned again finds no error on the part of trial counsel.  Petitioner's attorney informed the court that Petitioner did not have a prior record, except for a drug possession case that was also *sub judice*.  ECF Dkt. #8 at 42.  He also asked the judge to recall the evidence presented in Arafat's trial and to consider the fact that Petitioner's role in the offense was "peripheral."  *Id*. at 42-43.  Furthermore, upon review of the transcripts of the sentencing proceedings, the undersigned fails to see where Phipps' attorney made any statements on Petitioner's behalf that resulted in harm.  Therefore, the undersigned again recommends that the Court find that Petitioner's trial counsel did not fall below an objective standard of reasonableness.

Even assuming Petitioner's trial counsel fell below an objective standard of reasonableness with regard to failing to object to statements by Phipps' attorney at sentencing, Petitioner has again made no showing of prejudice.

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner was not denied effective assistance of counsel as a result of trial counsel's purported failure to object to Phipps' attorney's statements.  Consequently, the undersigned recommends that the Court dismiss the claim with prejudice.

### (2) Trial counsel's failure to object to the maximum prison term being imposed for a first-time offender.

Petitioner's claim that trial counsel failed to object when the trial judge sentence him beyond the minimum available prison term lacks merit because he has failed to establish prejudice.  If Petitioner would have been prejudiced by counsel's failure to object, the prejudice would have arisen in the form of the appellate court's foreclosing review of the issue based upon a procedural bar.  *See State v. Perry*, 10 Ohio St.2d 175, 180 (Ohio 1975);  *State v. Glaros*, 170 Ohio St. 471, 475 (Ohio 1960) (It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's

-10-

attention at a time when such error could have been avoided or corrected by the trial court.).  In this case, the appellate court reviewed the claim on the merits.  ECF Dkt. #7 at M.  The fact that the court reviewed the merits of the claim shows that Petitioner was not prejudiced by counsel's failure to object to the sentence imposed by the trial judge.

Further, the Court of Appeals' decision shows that there is not a reasonable probability that, but for counsel's unprofessional errors, the result of the appeal would have been different.  While interpreting Ohio law, the appellate court determined that Petitioner was entitled only to a *presumption* in favor of a minimum sentence.  ECF Dkt. #7 at M at 5-6.  The appellate court concluded that the full range of possible penalties (2-8 years) was available to the trial judge.  *Id*. In this case, the seriousness of the offense coupled with Petitioner's lack of remorse provided the trial judge a justifiable basis for imposing a sentence beyond the minimum.  *Id*.  Therefore, the court concluded that Petitioner's claim was meritless.  *Id*. at 6.

Since the Court of Appeals reviewed Petitioner's claim on the merits and determined that he was not entitled to relief under Ohio law, Petitioner is unable to demonstrate prejudice resulting from counsel's alleged error.

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner was not denied effective assistance of counsel as a result of trial counsel's purported failure to object to the maximum prison term being imposed for a first-time offender.  Consequently, the undersigned recommends that the Court dismiss the claim with prejudice.

> **(3)      Trial counsel's failure to object when the court in and of itself weighed facts with the purpose of enhancing the sentence imposed**

Petitioner's claim that he was denied effective assistance of counsel due to a failure to object when the trial court made findings of fact lacks merit because Petitioner has failed to establish prejudice.  This claim relies on the applicability of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Blakely v. Washington*, 542 U.S. 269, 303 (2004).

### (a)        The merits of Petitioner's *Apprendi/Blakely* claim

In *Apprendi*, the U.S. Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.  *Apprendi*, 530 U.S. at 490.  In 2004, the U.S. Supreme Court decided *Blakely* and held that the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant, and not the maximum sentence a judge may impose after finding additional facts.  *Blakely*, 542 U.S. at 303.

In this case, the trial judge made findings of fact on the record.  He stated that the crime which Petitioner committed was the worst form of felonious assault because the victim nearly died from the injuries he received.  ECF Dkt. #8 at 49.  He further found that the minimum prison term would demean the seriousness of the offense.  *Id*. at 50-51.  Under Ohio law as it existed at the time, a presumption in favor of the minimum prison term existed.  *See* O.R.C. § 2929(B); *see also State v. Foster*, 845 N.E.2d 470 (Ohio 2006) (abrogating portions of Ohio's sentencing laws pursuant to *Blakely*, 542 U.S. 269).  In order to overcome that presumption, a trial judge had to find on the record that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others.  *Id*.  Although the trial judge in the case at bar made such a finding, he did not include the finding in the journal entry sentencing Petitioner to 8 years of imprisonment.  *See* ECF Dkt. #7, Ex. H.

"[A]n Ohio court speaks only through its journal entry, and a judge may revise any oral pronouncements before final journal entry."  *Marshall v. Ohio*, 443 F.Supp.2d 911, n. 11 (N.D.Ohio 2006); *see also United States v. Martin*, 913 F.2d 1172, 1175 (6th Cir.1990) ("the original journalized judgment of September 22, 1988 made no reference to the alternative sentence and must therefore stand alone, independent of the dialogue that occurred between the parties during the sentencing hearing for the reason that courts speak only through their journal entries.") (footnote omitted).

Since the trial court did not make the finding that the minimum prison term would demean the seriousness of the offense in the journal entry, Petitioner's sentence does not violate *Blakely*.

It is important to note that the trial court's journal entry does include a finding that an 8-year sentence is consistent with the purpose of O.R.C. § 2929.11 ("The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender."). *See* ECF Dkt. #7, Ex. H. In this case, the trial judge was not required to make such a finding. *See State v. Rockwood*, 2008 WL 483108, slip op. at *2 (Ohio App. 3d Dist. Feb. 25, 2008):

> [Following *Foster*,] [t]rial courts are still required to comply with R.C. 2929.11, 2929.12, 2929.13, and the unsevered portions of R.C. 2929.14. *Foster*, 2006-Ohio-856, at ¶ 36. **Additionally, R.C. 2929.11 and 2929.12 do not mandate judicial fact-finding; rather, in exercising its discretion, a trial court is merely required to "consider" the purposes of sentencing in R.C. 2929.11 and the statutory guidelines and factors set forth in R.C. 2929.12.**

(emphasis added). The undersigned recommends that the Court view the *Rockwood* case as a valid interpretation of Ohio law made by an Ohio Court of Appeals. *See Hutchinson*, 744 F.2d at 46.

Under *Blakely*, the statutory maximum for *Apprendi* purposes is "the maximum a judge *may impose* based solely on the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis added). The key distinction under the Sixth Amendment is what findings the judge was *required* to make before he was authorized to impose the challenged sentence. *See Blakely*, 542 U.S. at 305 ("Whether the judge's authority to impose an enhanced sentence depends on finding a specified fact (as in *Apprendi* ), one of several specified facts (as in *Ring* ), or any aggravating fact (as here)*, it remains the case that the jury's verdict alone does not authorize the sentence. The judge acquires that authority only upon finding some additional fact.*") (emphasis added). The *Blakely* Court further indicated that a Sixth Amendment violation arises when the judge imposes a sentence beyond what the jury verdict authorizes: "Whether the judicially determined facts require a sentence enhancement or merely allow it, *the verdict alone does not authorize the sentence.*" *Id.* at n. 8 (emphasis added). The *Blakely* Court pointed to two prior decisions where the Court upheld sentencing regimes that *permitted* (as opposed to *required*) judicial factfinding. *Id.* at 305 citing *McMillan v. Pennsylvania*, 477 U.S. 79 (1986); *Williams v. New York*, 337 U.S. 241

-13-

(1949). The Court noted that neither of those cases involved a sentence greater than what state law authorized on the basis of the verdict alone. *Blakely*, 542 U.S. at 304-05.

In this case, the trial judge's finding under O.R.C. § 2929.11 was not required, and, consequently, does not violate *Blakely*.

### (b)      Prejudice resulting from a failure to raise a *Blakely* claim

Since Petitioner's *Blakely* claim lacks merit, Petitioner is unable to show he was prejudiced by counsel's failure to raise the claim. Therefore, the undersigned recommends that the Court find that Petitioner was not denied effective assistance of counsel as a result of trial counsel's purported failure to object when the court in and of itself weighed facts with the purpose of enhancing the sentence imposed. Consequently, the undersigned recommends that the Court dismiss the claim with prejudice.

### (4)      Counsel's failure to appeal the trial court's denial of his motion to withdraw his guilty plea

The Court should first note that Petitioner does not clearly state whether he is alleging ineffective assistance of trial counsel or ineffective assistance of appellate counsel with regard to this claim. The undersigned will address both issues.

### (a)      Ineffective assistance of trial counsel

Here again, Petitioner fails to establish prejudice. As above, if Petitioner would have been prejudiced by counsel's failure to object when the court denied the motion to vacate Petitioner's guilty plea, the prejudice would have arisen in the form of the appellate court foreclosing review of the issue based upon a procedural bar. That is not the case here because the trial court held a hearing on the matter, a notice of appeal was timely filed, and the Court of Appeals reviewed the merits of Petitioner's claim. *See* ECF Dkt. #7, Ex. J., Ex. M at 3-5; ECF Dkt. #8 at 20-36.

Further, the Court of Appeals' decision shows that there is not a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. As the Ohio Court of Appeals noted, there is no absolute right to withdraw a guilty plea prior to

-14-

sentencing. ECF Dkt. #7, Ex. M. at 3 citing *State v. Xie*, 584 N.E.2d 715 (Ohio 1992). The court noted that the trial judge has discretion to grant or deny a motion to withdraw a guilty plea. *Id*. The Court of Appeals found that the trial court did conduct an impartial hearing on the motion. *Id*. at 5-6. The appellate court reasoned that the trial court allowed Petitioner's lawyer to present an argument and the trial court allowed Petitioner to "speak freely about why he felt his guilty plea should be withdrawn." *Id*. at 6. Upon review of the transcripts from the hearing on the motion to vacate Petitioner's guilty plea, the undersigned agrees that the trial court conducted a complete and impartial hearing on the motion to vacate Petitioner's guilty plea. *See* ECF Dkt. #8 at 20-36.

Furthermore, the trial court supported its decision to deny the motion based upon the extensive colloquy it conducted at the time Petitioner changed his plea. *Id*. at 35-36. The trial court did, in fact, conduct a thorough plea colloquy informing Petitioner of the potential penalties he faced, and the rights he was waiving by entering a plea agreement. *Id*. at 3-19. This extensive colloquy supports the trial court's determination that Petitioner's plea was entered knowingly, voluntarily, and intelligently. Therefore, the undersigned believes there is not a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner was not denied effective assistance of counsel as a result of trial counsel's purported failure to appeal the trial court's denial of his motion to withdraw his guilty plea. Consequently, the undersigned recommends that the Court dismiss the claim with prejudice.

### (b) Ineffective assistance of appellate counsel

A defendant is entitled to the effective assistance of counsel in connection with his first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir. 2004); *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). The failure of appellate counsel to raise an issue can amount to constitutionally ineffective assistance. *Whiting v. Burt*, 395 F.3d 602, 616 (6th Cir. 2005); *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004). While appellate counsel need not raise every nonfrivolous issue on direct appeal, *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983); *McFarland*, 356 F.3d at 710; *Joshua*, 341 F.3d at 441; *Buell v. Mitchell*, 274 F.3d

337, 352 (6th Cir. 2001), counsel still must exercise reasonable professional judgment in determining which issues to raise. *Jones*, 463 U.S. at 753; *Joshua*, 341 F.3d at 441. The presumption of effective assistance of appellate counsel will be overcome only when the ignored issues are clearly stronger than the issues presented. *Joshua*, 341 F.3d at 441; *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel is not ineffective for failing to raise an issue that lacks merit. *Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003) ; *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001); *Jones*, 463 U.S. at 751-52 (it is important for appellate counsel to "winnow[ ] out weaker arguments on appeal and focus[ ] on one central issue if possible, or at most on a few key issues."); *Smith v. Murray*, 477 U.S. 527, 536 (1986) (the ability to discern worthy claims from unworthy ones is the "hallmark of effective appellate advocacy.") The Sixth Circuit has suggested that certain considerations be taken into account in determining whether counsel rendered ineffective assistance on appeal:

> (1) Were the omitted issues "significant and obvious"?
>
> (2) Was there arguably contrary authority on the omitted issues?
>
> (3) Were the omitted issues clearly stronger than those presented?
>
> (4) Were the omitted issues objected to at trial?
>
> (5) Were the trial court's rulings subject to deference on appeal?
>
> (6) Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
>
> (7) What was appellate counsel's level of experience and expertise?
>
> (8) Did the petitioner and appellate counsel meet and go over possible issues?
>
> (9) Is there evidence that counsel reviewed all the facts?
>
> (10) Were the omitted issues dealt with in other assignments of error?

(11) Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes*, 388 F.3d at 191; *McFarland*, 356 F.3d at 711; *Martin v. Mitchell*, 280 F.3d 594, 605 (6th Cir. 2002).   Additionally, "a habeas court may also consider '[p]revailing norms of practice as reflected in American Bar Association standards and the like.' " *Franklin v. Anderson*, 434 F.3d 412, 429 (6th Cir. 2006) quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984), *cert. denied*, 127 S. Ct. 941 (2007) .

With respect to prejudice in the context of ineffective assistance of appellate counsel, the petitioner must show a reasonable probability exists that, except for his counsel's deficient performance, he would have prevailed on appeal.  *Mapes*, 388 F.3d at 194.   While this analysis requires an evaluation of the petitioner's underlying claims, it does not require a decision on these issues, but merely a determination that a reasonable probability exists that the petitioner would have prevailed on appeal.  *Id*.

Here, Petitioner's was not denied his right to effective assistance of appellate counsel because appellate counsel submitted a thorough brief outlining a well-reasoned argument in support of the appeal, thereby satisfying an objective standard of reasonableness.  ECF Dkt. #7, Ex. K at 13-17. Furthermore, Petitioner cannot demonstrate prejudice for any deficiencies in counsel's performance because, as discussed in §IV(A)(4)(a), above, the trial court conducted an extensive colloquy ensuring that his plea was made knowingly, voluntarily, and intelligently.  Consequently, there is not a reasonable probability that, but for counsel's unprofessional errors, the result of the appeal would have been different.

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner was not denied effective assistance of counsel as a result of appellate counsel's purported failure to appeal the trial court's denial of his motion to withdraw his guilty plea. Consequently, the undersigned recommends that the Court dismiss the claim with prejudice.

**B.**     **Ground Two lacks merit.**

Ground Two of the instant petition is essentially a *Blakely* claim because Petitioner alleges

-17-

that his sentence was enhanced based upon findings of fact made by the trial judge, in violation of the Sixth Amendment and the Fourteenth Amendment.  *See*  ECF Dkt. #1 at 5.  For the reasons discussed above in §IV(A)(3)(a), the undersigned finds that Ground Two of the instant petition lacks merit as a *Blakely* claim.

It is also possible to construe Ground Two as an allegation that the trial judge erred in applying state law.  Having determined that no *Blakely* violation exists, the undersigned finds that, if trial judge erred by imposing a sentence greater than the minimum, that error would be a matter of state law, not a violation of constitutional law.  "[F]ederal habeas corpus relief does not lie for errors of state law."  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Id.* at 68.  The Sixth Circuit Court of Appeals has specifically held that errors in application of state sentencing guidelines are not cognizable grounds for relief in a federal habeas corpus petition.  *Tironi v. Birkett*, 252 Fed.Appx. 724, 725 (6th Cir. Oct. 26, 2007), unpublished.

Consequently, the undersigned recommends that the Court dismiss Ground Two of the instant petition with prejudice.

**C.      Ground Three lacks merit.**

In Ground Three, Petitioner alleges that his motion to withdraw his guilty plea was wrongfully denied.  ECF Dkt. #1 at 6.  Petitioner, however, does not cite any federal law that the trial court violated in  denying the motion.  *Id.*

To be valid, a guilty plea must be made voluntarily and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).  The plea must be made with knowledge of the "relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970); *King*, 17 F.3d at 153. The defendant need only be aware of the direct consequences of the plea, however; the trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea.  *King*, 17 F.3d at 153; *Brown v. Perini*, 718 F.2d 784, 788-89 (6th Cir.1983). Determining whether a plea was made voluntarily requires an evaluation

-18-

of all the relevant circumstances surrounding the plea. *King*, 17 F.3d at 153; *Caudill v. Jago*, 747 F.2d 1046, 1050 (6th Cir.1984); *Brown,* 718 F.2d at 786. The "ultimate question" is if the plea was in fact voluntary and intelligent. *King*, 17 F.3d at 153; *Pitts v. United States*, 763 F.2d 197, 200 (6th Cir.1985).

Here, Petitioner alleges that his plea was mistakenly made because he did not understand that the judge could sentence him to more than six years. ECF Dkt. #1. Petitioner's claim lacks merit because the trial judge clearly explained the possible penalties, and his available discretion to impose those penalties:

> THE COURT:  Okay.  Before we do that, before you plead guilty, I want to make sure you understand the offense and the penalties you face. Mr. Breeden, you'll be pleading to felonious assault, as you are, Mr. Phipps, in case 455793.
>
> **Felonious assault, as indicated before, is a 2nd degree felony. 2nd degree felonies are punishable by a prison term between 2 and 8 years in yearly increments** and a fine up to $15,000.
>
> Do you understand those penalties by pleading guilty to felonious assault?
>
> MR. BREEDEN:  Yes, sir.
>
> *        *        *
>
> THE COURT:  Now, I understand there is an agreed sentence here. **Court [sic] has, by law, complete sentencing discretion.**  I can follow the recommendation of the State of Ohio regarding sentencing. **I just wanted you to understand that I'm not promising you a particular sentence in order  to get you to enter into this plea agreement.**
>
> Do you understand that?
>
> MR. BREEDEN:  Yes, sir.

ECF Dkt. #8 at 15-17 (emphasis added).  Since the trial judge accurately explained the potential penalties and his discretion to impose those penalties, Petitioner was not denied any constitutional

-19-

right when entering his plea.

Petitioner further contends that the trial court erred in denying his motion to withdraw his guilty plea. A criminal defendant has no absolute right to withdraw a plea of guilty. *U.S. ex rel. Scott v. Mancusi*, 429 F.2d 104, 109 (2d Cir. 1970); *see also U.S. v. Kirkland*, 578 F.2d 170, 172 (6th Cir. 1978) (In a federal prosecution, "[i]t is well settled that the withdrawal of a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court.) On an application for habeas corpus by a state prisoner, our review also starts with the proposition that the motion to withdraw a guilty plea rests in the discretion of the trial judge. *Scott*, 429 F.2d at 110.

Here, the trial judge conducted a hearing on the matter, and, based upon the extensive colloquy that he conducted prior to accepting Petitioner's plea, he determined that Petitioner had entered the plea agreement voluntarily, and with knowledge of the consequences. *See* ECF Dkt. # 8 at 35-36. Therefore, in a constitutional sense, there is no basis for concluding that the trial judge wrongfully denied the motion to vacate the plea.

For the foregoing reasons, the undersigned recommends that the Court dismiss Ground Three of the instant petition with prejudice.

### D. Ground Four lacks merit.

In Ground Four, Petitioner alleges that the Supreme Court of Ohio was biased and prejudiced against him in declining jurisdiction over his appeal and accepting jurisdiction in his co-defendants' cases. Petitioner, however, offers no evidence to show any discriminatory intent on behalf of the Supreme Court of Ohio. In *Hence v. Smith*, 37 F.Supp.2d 970, 979 (E.D. Mich. 1999), the Sixth Circuit Court of Appeals denied a petition for a writ of habeas corpus when a petitioner alleged discrimination by an appellate court and the only evidence he presented was the fact that his co-defendant's conviction was overturned while his was not. A federal habeas court will reject a claim that bias accounts for a state appellate court's decisions where a habeas petitioner offers no evidence of discriminatory intent required to prove a denial of due process. *See id*. The *Hence* court

-20-

concluded: "Because petitioner has offered no concrete evidence of racial or economic bias on the part of the Michigan courts in ruling upon his case, he has failed to state a claim upon which habeas relief can be granted." *Id*.

Like the petitioner in the *Hence* case, Petitioner has failed to offer any proof of bias on the part of the state appellate court that would amount to a denial of a constitutional right. Consequently, the undersigned recommends that the Court dismiss Ground Four of the instant petition with prejudice.

## V.    CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.


DATE: March 25, 2008                    *s/ George J. Limbert*
                                        GEORGE J. LIMBERT
                                        UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).